
JCC: USAO 2018R00458



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 17 PM 4:34

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. RWT 18CR 620 |
| v. | * | |
| | * | (Conspiracy to Commit Access Device |
| CRISTIAN POENARU, | * | Fraud, 18 U.S.C. § 1029(b)(2); |
| | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), |
| Defendant | * | 982(a)(2), and 1029(c)(1)(C), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Access Device Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Automated teller machines ("ATMs") were electronic devices typically owned and operated by financial institutions. Banking customers used ATMs to conduct banking transactions, including withdrawing money from individual bank accounts. A standard ATM required the customer to insert into a provided slot a unique credit or debit card (hereinafter, "ATM card") with a magnetic strip that stored data about the customer's bank account, including the customer's means of identification.

2. As a security measure, after a customer inserted an ATM card into an ATM, the ATM then required the customer to type a unique personal identification number ("PIN") onto a provided keypad. Once the customer entered the correct PIN, the ATM provided the customer with certain access to the customer's bank account, which included the ability to withdraw a

specific amount of available funds from a customer account in the form of United States currency. Many ATMs were connected to interbank networks, which enabled a banking customer to withdraw money from an account using an ATM owned and operated by a financial institution other than the financial institution that held the account.

3. ATM skimming devices ("ATM Skimmers") were devices that surreptitiously recorded account information and other means of identification from ATM cards after the customer inserted the ATM card into the provided slot. An ATM Skimmer was typically installed on, and sometimes over, a genuine card reader in such a way as to avoid detection by ATM customers. An ATM Skimmer often was used in conjunction with a camera either contained within the device or in a separate device. The camera, focused on the keypad of the ATM, captured an ATM customer's PIN when manually entered by the ATM customer. Once the ATM Skimmer was removed from the ATM, account information recorded from ATM cards by the ATM Skimmer could be downloaded and matched with corresponding PINs captured by the camera.

4. An encoding device, or encoder, was a device capable of reading and writing information on the magnetic strips of ATM cards. An encoder could be used to create a counterfeit ATM card by transferring a genuine card's account information to another card with a magnetic strip, including a gift card, in a process known as "re-encoding."

5. The re-encoded ATM cards then could be used with the corresponding PIN at an ATM to fraudulently withdraw funds from a customer's bank account. The re-encoded cards were "counterfeit access devices," as defined in 18 U.S.C. § 1029(e)(2).

6. ATM Skimmers and encoders were device-making equipment, as defined in 18 U.S.C. § 1029(e)(6).

## The Conspiracy

7. From in or about October 2016 through in or about September 2017, in the District of Maryland and elsewhere, the defendant,

**CRISTIAN POENARU,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit offenses under 18 U.S.C. § 1029(a), and a party to the conspiracy engaged in conduct in furtherance of such offense, to wit:

a. to knowingly and with intent to defraud, in a manner in and affecting interstate commerce, produce, use and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), in violation of 18 U.S.C. § 1029(a)(1); and

b. to knowingly and with intent to defraud, in a manner in and affecting interstate commerce, produce, traffic in, have control and custody of, and possess device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), in violation of 18 U.S.C. § 1029(a)(4).

## Manner and Means of the Conspiracy

8. It was a part of the conspiracy that **CRISTIAN POENARU ("POENARU")** and his co-conspirators affixed ATM Skimmers to ATMs in order to capture bank customer debit and credit card account numbers.

9. It was further part of the conspiracy that **POENARU** and his co-conspirators affixed cameras to or proximate to ATMs in order to capture bank customer PIN numbers.

10. It was further part of the conspiracy that **POENARU** and his co-conspirators encoded the magnetic strips of other plastic cards with the compromised account numbers in order to create counterfeit access devices.

## Conduct in Furtherance of the Conspiracy

11. In furtherance of the conspiracy, and to effect the objects, designs, and purposes thereof, the defendant, and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

   a. On or about October 1, 2016, **POENARU** and a co-conspirator drilled into a Capital One Bank ATM in Lanham, Maryland, to prepare to affix an ATM Skimmer to that ATM.

   b. On or about October 2, 2016, **POENARU** and a co-conspirator drilled into a Capital One Bank ATM in Silver Spring, Maryland, to prepare to affix an ATM Skimmer to that ATM.

   c. On or about October 14, 2016, **POENARU** and a co-conspirator placed an ATM Skimmer on an ATM located in Lanham, Maryland.

   d. On or about October 16, 2016, **POENARU** and a co-conspirator placed an ATM Skimmer on an ATM located in Silver Spring, Maryland.

   e. On or about October 16, 2016, **POENARU** and a co-conspirator removed an ATM Skimmer from an ATM located in Silver Spring, Maryland.

   f. Prior to on or about August 11, 2017, **POENARU** and his co-conspirators controlled a residence in Baltimore, Maryland, in which they stored re-encoded cards and equipment used to manufacture ATM Skimmers.


g. Prior to on or about August 21, 2017, **POENARU** and his co-conspirators controlled a storage unit in Baltimore, Maryland, in which they stored re-encoded cards, encoders, and ATM Skimmers.

18 U.S.C. §1029(b)(2)


## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 1029(c)(1)(C), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction on Count One of this Indictment.

2. As a result of the offense set forth in Count One, the defendant,

**CRISTIAN POENARU,**

shall forfeit to the United States (a) all property, real and personal, used and intended to be used to commit the offense, and (b) any property constituting, or derived from, proceeds the defendants obtained directly or indirectly as a result of such violation.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
18 U.S.C. § 1029(c)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur* /sca
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: December 17, 2018